United States Court of Appeals,

Fifth Circuit.

No. 92-9519.

L. Steve MARLER, Plaintiff-Appellant,

v.

ADONIS HEALTH PRODUCTS, et al., Defendants-Appellees.

Aug. 18, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REAVLEY, DUHÉ and BARKSDALE, Circuit Judges.

REAVLEY, Circuit Judge:

The district court denied the Motion of L. Steve Marler, an indigent prisoner, to appoint counsel for Marler in his products liability case. Marler appeals that order and, distinguishing our prior circuit authority allowing appeal of orders denying appointed counsel in civil rights cases, we dismiss the appeal for want of jurisdiction.

I

L. Steve Marler is a prisoner in the Louisiana State Penitentiary. While incarcerated he consumed "the Edge," an ingestible body chemical distributed by Adonis Health Products. When he subsequently suffered a heart attack, he claimed a causal connection and filed a products liability action in September 1992 against Adonis Health Products and its officers. Marler pursued his case by sending out a set of interrogatories, collecting evidence about the Edge's alleged uses, and obtaining affidavits from his family summarizing their conversations with Adonis's officers. Marler has also contacted the United States Department of Health and Human Services and the Investigation Division of the State of Louisiana's Department of Justice.

Perhaps tiring of his labor, he moved the district court to appoint him counsel. Marler argued that his lack of knowledge of tort law and his inability to investigate his claim while in jail were a sufficient basis for the district court to appoint him counsel. The district court summarily denied Marler's motion and Marler appealed.

II

Because we are a court of limited jurisdiction, before examining the merits of this appeal we must determine whether we have jurisdiction. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). We must examine the jurisdictional basis for this appeal even if the parties have not raised this issue. *Id.*

Ordinarily, we have jurisdiction only over final decisions of district courts. 28 U.S.C. § 1291. A decision is final if it " "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Section 1291's finality requirement "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing proceeding by interlocutory appeals." *United States v. Nixon,* 418 U.S. 683, 692, 94 S.Ct. 3090, 3099, 41 L.Ed.2d 1039 (1974). The district court's decision not to appoint Marler counsel does not end the litigation on the merits and, thus, it is not a final decision.

Nevertheless, we sometimes exercise our jurisdiction over an interlocutory appeal pursuant to the collateral order doctrine. *Cohen v. Beneficial Ind. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The collateral order doctrine is a narrow exception to the general rule that an appeal under § 1291 must await a final judgment on the merits. The different circuits have not agreed on the application of the collateral order doctrine to district court orders refusing to appoint counsel for plaintiffs. Almost all of the prior decisions concern civil rights cases. The First, Second, Third, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits have held that district court orders denying plaintiffs appointed counsel in civil cases are not immediately appealable under the collateral order doctrine.[1] The Ninth Circuit takes the unusual position that the plaintiff can

---

[1] *See Appleby v. Meachum,* 696 F.2d 145, 146 (1st Cir.1983); *Miller v. Pleasure,* 425 F.2d 1205, 1206 (2d Cir.), *cert. denied,* 400 U.S. 880, 91 S.Ct. 123, 27 L.Ed.2d 117 (1970); *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3rd Cir.1984); *Miller v. Simmons,* 814 F.2d 962, 967 (4th Cir.), *cert. denied,* 484 U.S. 903, 108 S.Ct. 246, 98 L.Ed.2d 203 (1987); *Henry v. City of Detroit Manpower Dept.,* 763 F.2d 757, 764 (6th Cir.) (en banc), *cert. denied,* 474 U.S. 1036, 106 S.Ct. 604, 88 L.Ed.2d 582 (1985); *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064, 1066-67 (7th Cir.1981); *Cotner v. Mason,* 657 F.2d 1390, 1391-92 (10th Cir.1981); *Holt v. Ford,* 862 F.2d

immediately appeal the district court's decision not to appoint him counsel in Title VII cases, but holds otherwise in cases involving 42 U.S.C. § 1983.[2] Only the Fifth and Eighth Circuits have held that a plaintiff can immediately appeal the denial of appointed counsel in civil rights cases.[3]

We have seen no case where a circuit has granted plaintiffs the right to appeal immediately the district court's decision not to grant them counsel in *tort* suits. The case before us is a civil, products liability case. We must consider whether our rationale for holding that a plaintiff can appeal immediately the denial of counsel in civil rights cases applies as well to products liability cases.

The collateral order doctrine provides that a party can immediately appeal an order from the district court if the district court's order 1) conclusively determines the disputed issue, 2) resolves an important issue that is completely separate from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment. *Robbins,* 750 F.2d at 412 (relying on *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2458).

There are statements in the cases about a fourth requirement for *Cohen* appealability: the presentation of a serious and unsettled question of law. *See e.g. Nixon v. Fitzgerald,* 457 U.S. 731, 743, 102 S.Ct. 2690, 2697-98, 73 L.Ed.2d 349 (1982); *Robbins,* 750 F.2d at 415 (Garwood, J., dissenting). In view of the failure of the *Robbins* majority to acknowledge this fourth requirement, and because the Supreme Court itself seems not to be wedded there (*see Van Cauwenberghe v. Biard,* 486 U.S. 517, 522, 108 S.Ct. 1945, 1949, 100 L.Ed.2d 517 (1988)), we will not stand on it.

While the judges of the present panel might prefer to hold that the denial of appointment of counsel fails to meet any of the three requirements for appealability, as our former colleagues in the Eleventh Circuit held in *Holt,* 862 F.2d at 852-54, we are bound by our circuit precedent in *Robbins* to hold otherwise with respect to the first two requirements.

III

---

850, 855 (11th Cir.1989) (en banc).

[2] *See Wilborn v. Escalderon,* 789 F.2d 1328, 1330 & n. 2 (9th Cir.1986).

[3] *See Robbins v. Maggio,* 750 F.2d 405, 412-13 (5th Cir.1985); *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.,* 556 F.2d 1305, 1308 (5th Cir.1977); *Slaughter v. City of Maplewood,* 731 F.2d 587, 588-89 (8th Cir.1984).

In deciding that an order denying appointment of counsel in a civil rights case would not be effectively reviewable on appeal from a final judgment, the *Robbins* panel thought that civil rights plaintiffs might not pursue their claims to trial and through appeal if denied counsel. Hence, the third requirement of interlocutory appealability was held to be satisfied. *Robbins,* 750 F.2d at 412-13. *But see Holt,* 862 F.2d at 854 n. 7. The *Robbins* court stated: "[W]hen a litigant unable to afford counsel and unable to present his case himself is forced to proceed *pro se,* there is little guarantee that a civil rights action will be successfully prosecuted to appeal so that the denial of counsel may be reviewed." 750 F.2d at 413.

Whether or not that is the circumstance of a civil rights case, it cannot be said to apply to a products liability case. Our dockets demonstrate that counsel accept products liability cases on contingent fees, even in the weakest of cases. By denying Marler an immediate appeal we will not lose an important class of tort claims. Furthermore, to the extent it matters, the denial of an appointed attorney is better reviewed at a later stage of the litigation. We agree with the Eleventh Circuit that we can effectively remedy the effects of an erroneous denial of counsel by vacating the judgment and remanding the proceeding for new trial with appointed counsel. *See Holt,* 862 F.2d at 854. Because the decision not to appoint counsel is reviewable after final judgment, it is not immediately appealable under the collateral order doctrine.

APPEAL DISMISSED.