IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 94-20344
Summary Calendar
S))))))))))))))Q

RICHARD EARL THOMAS,

Petitioner-Appellant,

versus

WAYNE SCOTT,
Director, Texas Department of
Criminal Justice, Institutional Division,

Respondent-Appellee.

S)))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Southern District of Texas
S)))))))))))))))))))))))))Q
(March 3, 1995)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Richard Earl Thomas (Thomas) brought the instant habeas corpus petition under 28 U.S.C. § 2254, pro se, challenging his Texas conviction and incarceration for the felony offense of unauthorized use of a motor vehicle, with punishment enhanced by two prior felonies. He was allowed to proceed *in forma pauperis*. After the state filed its answer and motion for summary judgment, Thomas filed a motion for appointment of counsel, to which the state then filed an opposition. Thomas filed a reply to the opposition. The district court entered an order denying the

motion for appointment of counsel. Within thirty days thereafter, Thomas filed a notice of appeal from that order. He also sought a certificate of probable cause. The district court denied the certificate of probable cause and also entered an order explaining that the type and complexity of the case did not require the assistance of counsel and that Thomas had demonstrated an ability to adequately present his case. So far as the record reflects, no determination has been made as to whether there will be an evidentiary hearing or whether there will be any discovery. No ruling on the merits of Thomas's habeas application has been made, and it remains pending in the court below.

The threshold issue before us, which we must notice on our own motion, is whether we have jurisdiction of this appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Since Thomas's habeas case remains pending in the district court, and no final decision on it has been made, it is plain that we do not have jurisdiction under 28 U.S.C. § 1291. A decision is final and hence appealable for purposes of section 1291 if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay,* 98 S.Ct. 2454, 2457 (1978) (quoting *Catlin v. United States*, 65 S.Ct. 631, 633 (1945)). The real question is whether we have jurisdiction over this interlocutory appeal under the collateral order doctrine of *Cohen v. Beneficial Ind. Loan Corp.*, 69 S.Ct. 1221, 1225-26 (1949).

In *Caston v. Sears, Roebuck & Co*., 556 F.2d 1305 (5th Cir. 1977), we held that an order denying a request for counsel of an *in forma pauperis* plaintiff in a Title VII suit was appealable under

2

the collateral order doctrine. In *White v. United States Pipe & Foundry Co.*, 646 F.2d 203 (5th Cir. 1981), we entertained a similar appeal in another Title VII case, although we did not address the jurisdictional issue. In *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985), we held that state prisoners bringing *in forma pauperis* civil rights actions against prison authorities under 42 U.S.C. § 1983 could immediately appeal interlocutory orders denying their requested appointment of counsel. We there relied on *Caston*, and held that it and *White* were not vitiated by the Supreme Court's post-*Caston* decisions in *Coopers & Lybrand, Firestone Tire & Rubber Co. v. Risjord*, 101 S.Ct. 669 (1981), and *Flanagan v. United States*, 104 S.Ct. 1051 (1984), nor by our own decision in *Gibbs v. Paluk*, 742 F.2d 181 (5th Cir. 1984), applying *Flanagan* to civil cases.

More recently, in *Marler v. Adonis Health Products*, 997 F.2d 1141 (5th Cir. 1993), we declined to extend *Robbins* and *Caston* to an indigent prisoner's attempted appeal of the denial of his request for the appointment of counsel in his products liability law suit. We there noted that "the First, Second, Third, Fourth, Sixth, Seventh, Tenth, and Eleventh Circuits have held that district court orders denying plaintiffs appointed counsel in civil cases are not immediately appealable under the collateral order doctrine," that the Ninth Circuit had held that such orders were immediately appealable in Title VII cases but not in section 1983 cases, and that only the Fifth and Eighth Circuits have held that such orders are immediately appealable in civil rights cases. *Marler* at 1142 (footnotes omitted). *Marler* held that the

3

challenged order was not effectively unreviewable on appeal from a final judgment, one of the requirements of the collateral order doctrine. *Id*. at 1143.

The only reported appellate decision of which we are aware addressing the present issue has held that the denial of an indigent section 2254 petitioner's request for counsel is not immediately appealable under the collateral order doctrine. *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). That holding was made in *Weygandt* despite recognition that in that Circuit such orders were immediately appealable in Title VII cases.

We conclude that the rule of *Robbins* and *Caston* should not be extended to section 2254 cases, and that instead the approach of *Marler* should be followed, at least in instances where there is no evidentiary hearing to be had in the district court. Several special factors distinguish section 2254 proceedings from those under section 1983 or Title VII. In section 2254 cases appointment of counsel is mandatory in the event that an evidentiary hearing is to be held. *See* Rule 8(c) of the rules following section 2254. There is no corresponding mandatory provision in Title VII or section 1983 cases. Thus, if there is to be an evidentiary hearing, the habeas petitioner will be represented by counsel. This ameliorates the concern expressed in *Robbins* that an individual without counsel has little hope of prosecuting his case to a final resolution on the merits. *See Robbins* at 409, 413. This is relevant to the issue of whether the denial of counsel will be effectively unreviewable on appeal from the final judgment. It is also relevant to another requirement of the collateral order

4

doctrine, namely that the challenged order conclusively determine the disputed issue. *See Marler* at 1143. If the district judge should determine that an evidentiary hearing is appropriate, we have no reason to doubt that he will then follow the requirement of Rule 8(c) and appoint counsel.[1] Another aspect of section 2254 procedures which we find highly relevant is the requirement of 28 U.S.C. § 2253 that, where the complained of confinement is pursuant to state court process, an appeal by the prisoner requires a certificate of probable cause. This reflects a more restrictive attitude respecting appeals by section 2254 petitioners than that which obtains in instances of appeals by section 1983 or Title VII plaintiffs. It also seems to inferentially contemplate only an appeal from the final disposition of the habeas petition. Another special aspect of habeas corpus litigation is the general requirement that it be promptly disposed of. *See* 28 U.S.C. § 2243. *See also Payton v. Rowe*, 88 S.Ct. 1549, 1552 (1968). Interlocutory appeals can only serve to delay disposition of such cases. *Cf. Flanagan*, 104 S.Ct. at 1055 ("Because of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral-order rule exception to the final judgment rule with the utmost strictness in criminal cases").

Finally, we note that our experience has been that pro se

---

[1] Analogously, under Rule 6(a) of the rules following section 2254, the district court is not required to, but may, authorize discovery, and if discovery is authorized, may appoint counsel "[i]f necessary for effective utilization of discovery procedures." Where the district court has not authorized discovery, but may do so in the future, the court may then be more inclined to appoint counsel at that time, pursuant to Rule 6(a).

habeas petitioners are capable of perfecting, and very frequently do perfect, appeals from the denial of habeas relief.  Nothing in our experience with these cases leads us to believe that allowance of an interlocutory appeal in a case such as this is necessary or needful to protect the rights of such petitioners or to preserve for proper appellate review on appeal from final judgment complaints of denial of counsel in the section 2254 proceeding.

We conclude that the order denying this section 2254 petitioner his request for the appointment of counsel is not appealable under the collateral order doctrine, because it does not conclusively determine the issue of whether counsel will ultimately be appointed for the petitioner in the section 2254 proceeding, and because petitioner's entitlement to counsel will not be effectively unreviewable on appeal from the final judgment disposing of the habeas petition.

Because there has been no final judgment under section 1291, and because the requirements of the collateral order doctrine are not met, we have no jurisdiction over the present appeal. Therefore, the appeal is

DISMISSED FOR WANT OF JURISDICTION.