# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2904

_____

| | | |
|---|---|---|
| Danny Morris, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Eastern District of Missouri. |
| Dave Dormire, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 14, 2000

Filed: July 3, 2000

_____

Before RICHARD S. ARNOLD, ROSS, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

ROSS, Circuit Judge.

Danny Morris, a Missouri inmate, appeals from the district court's[1] judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Morris was convicted of first-degree murder and sentenced to life without parole. After a hearing, Morris's motion for post-conviction relief under Mo. S. Ct. R. 29.15 was denied. In a combined appeal, the state court affirmed his conviction and the denial of the Rule 29.15 motion, which raised ineffective-assistance-of-counsel claims. State v. Morris, 844 S.W.2d 549 (Mo. Ct. App. 1992). On direct appeal, the court rejected Morris's argument that there was insufficient evidence of deliberation and causation, noting Sandra Triblett testified that about 1:30 a.m. she saw Morris behind a café, aim a gun, fire a shot that felled Alvin Jackson, and then leave "without checking on Jackson's condition or seeking assistance for him." Id. at 551. The court also noted that Dorothy Jackson, who was unrelated to the victim, testified that she met Phinezy Johnson and Morris after the shooting and Morris told her "he had shot Alvin Jackson in the head." Id.

In 1997 Morris filed a timely § 2254 habeas corpus petition. The state responded that the claims were either unexhausted, defaulted, or without merit. Morris sought leave to file an amended petition and requested appointment of counsel. The court denied his request for counsel, but granted leave to file an amended petition. In the amended petition, Morris raised claims regarding the sufficiency of the evidence, ineffective assistance of counsel, and actual innocence. He also raised a conflict-of-interest claim based on a pre-trial altercation he had had with his counsel.

The district court denied the petition, holding, among other things, that the state court's resolution of Morris's sufficiency-of-the-evidence and ineffective- assistance claims was not contrary to federal law, his conflict-of-interest claim was defaulted, and he had not established actual innocence to excuse the default. The court granted a certificate of appealability (COA) on the sufficiency, conflict, and innocence claims. See Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000) (COA needed for claims decided on the merits and for claims dismissed on procedural grounds).

On appeal Morris initially argues that the district court abused its discretion in denying his motion for appointment of counsel, "an issue that does not require a certificate of appealability." Roney v. United States, 205 F.3d 1061, 1062 (8th Cir. 2000). Morris concedes, with an exception not relevant here, see 28 U.S.C. § 2261, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In deciding whether to appoint counsel, the district court considered "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. In addition, in response to this court's inquiry at oral argument, Morris could not identify any arguably meritorious issues that appointed counsel could have raised. Based on our review of the record, the district court did not abuse its discretion in denying Morris's request for counsel.

Morris next argues that the district court erred in denying relief on his sufficiency-of-the-evidence claim. The court did not err. Morris has not demonstrated that the state court's resolution of the issue is contrary to or involves an unreasonable application of federal law or an unreasonable determination of the facts as presented to the state court, as 28 U.S.C. § 2254(d) requires. See Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

Nor did the court err in holding Morris's conflict-of-interest claim, which he now characterizes as a variation of an ineffective-assistance-of-counsel claim, was defaulted. As the state notes, we have rejected the argument that "a petitioner who presents to the state courts a broad claim of ineffectiveness as well as some specific ineffectiveness claims properly presented all conceivable specific variations for purposes of federal habeas review." Flieger v. Delo, 16 F.3d 878, 885 (8th Cir.), cert. denied, 513 U.S. 946 (1994). Although the state appellate court mentioned the altercation in its discussion of the facts, it did not further discuss the matter, which is not surprising since Morris failed to raise a legal issue about the altercation. It is well-

established "that a habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." Id.

We also reject Morris's argument that he presented new and reliable evidence of actual innocence to excuse the default. In support of his claim, he relies on testimony presented at the Rule 29.15 hearing. At the hearing, a ballistics expert testified that the victim was shot from about ten feet away, which was less than the apparent fifty-foot distance Triblett had indicated during cross-examination on a diagram of the crime scene. In addition, Renee Davis testified that Triblett had told her that Phinezy Johnson had shot the victim and Mary Johnson testified that she saw Phinezy Johnson shoot a gun at the scene of the crime. As the government argues, the evidence was not new since it was available at trial or could "have been discovered earlier through the exercise of due diligence." See Johnson v. Norris, 170 F.3d 816, 818 (8th Cir. 1999) (internal quotation omitted). In fact, Davis testified that she was Morris's friend, was present at trial, and told him to call her as a witness.

Moreover, the testimony does not come close to establishing actual innocence. See id. (evidence must be "so forceful that it is more likely than not that no reasonable [trier of fact] would have convicted [defendant] in the light of the new evidence") (internal quotation omitted). The testimony of the ballistics expert and Davis "is insufficient to establish that [Morris] is actually innocent . . . since [their] testimony at best only tend[ed] to impeach [Triblett's] testimony." Allen v. Nix, 55 F.3d 414, 417 (8th Cir.), cert. denied, 516 U.S. 1014 (1995). We also doubt their testimony has much, if any, impeachment value. As the state court noted in rejecting an ineffective-assistance argument based on counsel's failure to call a ballistics expert, the expert's testimony would have been cumulative in that the state's evidence at trial was that the victim was shot at close range, and not the distance Triblett had indicated on the diagram during cross-examination. See Morris, 844 S.W.2d at 555. Indeed, in closing, the state argued that the victim was shot from "not a very far distance." As to Davis's

-4-

testimony, we note in response to the court's inquiry, she admitted she never told anyone other than Morris about her alleged conversation with Triblett. Further, we note, in addition to Triblett's testimony that she saw Morris shoot the victim, at trial Dorothy Jackson testified that Morris told her he had shot the victim. Nor does Mary Johnson's testimony aid in establishing innocence. Although she testified she saw Phinezy Johnson shoot a gun, she admitted she did not see him shoot the victim.

Morris's argument that the district court abused its discretion in failing to conduct an evidentiary hearing on his claim of actual innocence is also without merit. Section 2254(e)(2) provides that a court shall not conduct an evidentiary hearing unless a petitioner failed to develop a claim in state court, provided that the claim relies on a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and the facts would "establish by clear and convincing evidence" the petitioner's actual innocence. Morris made no attempt to satisfy the statutory requirements. See Williams v. Taylor, 120 S. Ct. 1479, 1489-91 (2000).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.