IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20666
_____

MARCUS WAYNE COOPER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1288
--------------------
March 16, 2001

Before    EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Marcus Wayne Cooper, Texas prisoner # 506016, has filed an appeal of the district court's order denying various motions filed in this federal habeas proceeding, including Cooper's motion for a summary judgment, his motion for appointment of counsel, his motion for a preliminary injunction, and his motion for authorization to take depositions and to conduct discovery. This court does not have jurisdiction to review the district court's denial of Cooper's motion for summary judgment because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the decision was not final as required by 28 U.S.C. § 1291. See Sorey v. Kellett, 849 F.2d 960, 961 (5th Cir. 1988). The denial of Cooper's motion for appointment of counsel is not reviewable because the district court had not rendered a final decision on Cooper's habeas petition and because the order is not reviewable under the collateral order doctrine. See Thomas v. Scott, 47 F.3d 713, 714 (5th Cir. 1995). The district court's denial of Cooper's motion to take depositions and conduct discovery is not reviewable because the motion was denied without prejudice and, therefore, did not conclusively decide this issue. See id. at 715. Accordingly, the part of the appeal challenging the denial of these motions is dismissed for lack of jurisdiction.

The denial of Cooper's motion for a preliminary injunction is immediately appealable. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991); 28 U.S.C. § 1292(a)(1). However, because Cooper does not address the district court's denial of this motion in his appellate brief, he has abandoned this issue on appeal. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999), cert. denied, 120 S. Ct. 1003 (2000).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.