# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3545
_____

Roland Davis,                              *
                                           *
           Appellant,                      *
                                           *
      v.                                   *
                                           *
Anthony Gammon, Superintendent             *
of Moberly Correctional Center,            *
                                           *
           Appellee.                       *

                                              Appeals from the United States
        _____                           District Court for the Eastern
                                              District of Missouri.
No. 00-3546
        _____                           [UNPUBLISHED]

Roland Davis,                              *
                                           *
           Appellee,                       *
                                           *
      v.                                   *
                                           *
Anthony Gammon, Superintendent             *
of Moberly Correctional Center,            *
                                           *
           Appellant.                      *

                   _____

           Submitted: November 16, 2001

             Filed: November 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Roland Davis was sentenced to fifteen years in prison after pleading guilty to second-degree murder, first-degree robbery, and second-degree burglary. Davis filed a postconviction motion that the state trial court deemed untimely, and the Missouri Court of Appeals affirmed Davis's convictions and sentence. Davis then petitioned the federal district court[*] for habeas relief. The district court denied relief, concluding Davis's habeas claims of ineffective assistance of counsel and a coerced guilty plea were barred by procedural default because Davis did not present those claims for review in the Missouri Court of Appeals. Davis appeals the denial of his habeas petition, arguing the district court erroneously failed to grant an evidentiary hearing so Davis could establish actual innocence as the procedural gateway for his otherwise-barred ineffective assistance and coercion claims. We affirm the district court.

The evidence Davis presents in support of his claim for an evidentiary hearing is an unverified letter from an individual who identifies himself or herself only as "Horse." The letter begins: "Hello. You don't know me. I can't give my name because I have a long Police record. A history of gang related crimes. To give my name may get me in more trouble than I'm already in." Davis v. Gammon, No. 4:97CV2139, slip op. at 4 n.2 (E.D. Mo. Sept. 14, 2000). The letter exonerates Davis, stating the victim's death was accidental and Davis's involvement was tangential to both the robbery and burglary. Davis asserts "Horse" is the nickname of Marcous House, but, as the district court noted, Davis has not produced reliable evidence

_____

[*]The Honorable Jean C. Hamilton, Chief Judge of the United States District Court for the Eastern District of Missouri.

-2-

showing that someone named Marcous House exists, was the author of the letter, or possesses relevant probative evidence about Davis's innocence.

We agree with the district court that the highly suspect letter from "Horse" is not sufficiently reliable to establish clearly and convincingly that a reasonable juror would not have found Davis guilty of the underlying offenses. See 28 U.S.C. § 2254(e)(2) (Supp. 1999) (standard for holding an evidentiary hearing on claim). Having considered Davis's unsubstantiated allegations of innocence in light of the well-established controlling legal principles, we cannot say the allegations have undermined our confidence in the outcome of his state trial. See Schlup v. Delo, 513 U.S. 298, 316 (1995). Thus, Davis is not entitled to a remand for the purpose of developing the evidence needed to pass his procedurally defaulted habeas claims through the actual innocence gateway. See Morris v. Dormire, 217 F.3d 556, 560 (8th Cir.), cert. denied 531 U.S. 984 (2000).

The district court properly concluded Davis's state court procedural default bars consideration of his federal habeas claims. Because this appeal involves the straightforward application of settled principles of law, we affirm the district court without an extended opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.