**UNITED STATES of America, Appellee,**

v.

**Ramzi Ahmed YOUSEF, Petitioner– Appellant.**

**No. 04–0381–CR.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 24, 2004.

Decided: Jan. 13, 2005.

Bernard V. Kleinman (Steven Z. Legon, of counsel), White Plains, NY, for Appellant.

Karl Metzner, Assistant United States Attorney (Peter G. Neiman, Assistant United States Attorney, of counsel; David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, NY, for Appellee.

Before: CABRANES, STRAUB and WESLEY, Circuit Judges.

PER CURIAM.

In an order dated August 25, 2004, we dismissed for want of jurisdiction appellant Ramzi Ahmed Yousef's claim that the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*) erred in denying his request for, among other things, appointment of counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. *United States v. Yousef,* No. 04–0381, slip op. at 2 (2d Cir. Aug. 25, 2004) (unpublished decision). As the District Court recognized in denying Yousef's request for CJA counsel, "there is no constitutional right to representation by counsel in habeas corpus proceedings," and § 3006(a)(2) only requires appointment of counsel for a financially eligible person if "the interests of justice so require." D. Ct. Order at 1, No. S12–93–CR–180 (S.D.N.Y. Dec. 15, 2003). Appellant's counsel, Bernard V. Kleinman,[1] subsequently filed a "CJA voucher" with this Court, seeking $12,533.77 for fees and expenses incurred in connection with that appeal.

---

1. Kleinman served as Yousef's CJA court-appointed counsel at trial and on direct appeal before this Court, *see United States v. Yousef,* 327 F.3d 56 (2d Cir.2003) (upholding appellant's conviction of charges relating to a conspiracy to bomb United States commercial airliners in southeast Asia and charges relating to the 1993 bombing of the World Trade Center in New York City), and was fully compensated for those services. Kleinman was *not* appointed to serve as Yousef's counsel in connection with Yousef's habeas petition.

Nor did Kleinman have a right to be appointed Yousef's CJA counsel if the Court had determined that Yousef were eligible for appointed counsel under the CJA. *See* U.S. Court of Appeals for the Second Circuit, *Amended Plan to Implement the Criminal Justice Act of 1964* at 6 (Jan. 29, 2002) ("[T]he Court shall appoint a CJA Panel member to represent a CJA client .... [N]o attorney or CJA Panel member shall have the right to be selected to represent a CJA applicant or CJA client.").

The Criminal Justice Act provides for compensation of attorneys who have been "appointed pursuant to [§ 3006A]." *See* § 3006A(d)(1). The Act refers to attorney compensation in the context of "proceedings before appellate courts" where counsel has been "appointed under [§ 3006A]," *see* § 3006A(d)(7), and the CJA vouchers of this Court state in relevant part that payment is authorized for "court-appointed counsel." *See* U.S. Court of Appeals for the Second Circuit, CJA Form 20, *Appointment of and Authority to Pay Court Appointed Counsel, available at* http://www.ca2.uscourts.gov (last visited Jan. 11, 2005). Because the District Court denied Kleinman's request to be appointed CJA counsel in the habeas case, and because we did not have appellate jurisdiction over the case, as the District Court's order was neither a final judgment appealable under 28 U.S.C. § 1291 nor an interlocutory order appealable under the collateral order doctrine, we were unable to consider Kleinman's claim for compensation as represented in his CJA voucher.

In a letter dated December 28, 2004, Kleinman asked that we reconsider our rejection of his voucher. We treat this letter as a motion for rehearing and, for present purposes, pretermit the question of timeliness and reach the merits. As before, we conclude that we are without jurisdiction to consider his application. Kleinman is invited to address his concerns to the District Court, which retains jurisdiction over this matter and, under § 3006A(b), has the authority to make retroactive CJA appointments. *See* § 3006A(b) ("[A]ppointment may be made retroactive to include any representation furnished pursuant to the plan prior to appointment."). We are mindful of Kleinman's admirably vigorous and tenacious legal representation of his client in difficult circumstances in this Court and elsewhere, and in denying his motion for rehearing we

do not suggest otherwise. Nor do we intimate a view on the merits of any application Kleinman may make to the District Court under § 3006A, mindful that the District Court will fully consider the appropriateness of such an application.

The motion for rehearing must be, and hereby is, **DENIED**, and the motion is remanded to the District Court for such consideration as it may deem appropriate in the circumstances.

The mandate shall issue forthwith.