**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-20088
_____

HALLIBURTON COMPANY BENEFITS COMMITTEE, in its capacity as plan administrator of the Halliburton Energy Services, Inc. Welfare Benefits Plan, including its constituent benefit program, the Dresser Retiree Life and Medical Program;

        Plaintiff - Appellant

HALLIBURTON CO; HALLIBURTON ENERGY SERVICES INC. WELFARE BENEFITS PLAN

            Third Party Defendants - Counter Defendants - Appellants

    v.

JAMES B GRAVES; ET AL

            Defendants

JAMES GRAVES; PHIL GRIFFIN; PAUL M BRYANT, individually, and as representatives of a requested class of all similarly situated persons

            Defendants - Third Party Plaintiffs - Counter Claimants - Appellees

_____

        Appeal from the United States District Court
         for the Southern District of Texas, Houston
                    No. 4:04-CV-280

_____

Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although neither party made anything other than a brief reference to our jurisdiction to hear this appeal, we must address it.  See Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976) (noting that it is incumbent upon a court to examine sua sponte the basis of its jurisdiction whenever a question arises as to its existence).  We requested and received supplemental letter briefs from the parties addressing our jurisdiction, and after carefully reviewing the letter briefs and the record, we DISMISS this appeal for lack of jurisdiction.

Appellants Halliburton Company Benefits Committee, Halliburton Company, and Halliburton Energy Services, Inc. Welfare Benefits Plan (collectively, "Halliburton") initiated this declaratory judgment action, seeking a declaration that: (1) its November 2003 amendments to the Dresser Retiree Medical Program ("Dresser Plan") are permissible and do not violate the terms or provisions of the Halliburton Plan, the Merger Agreement between Halliburton and Dresser Industries, Inc. ("Merger Agreement"), or the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (2000); and (2) the Merger Agreement does not limit Halliburton's right to amend or terminate the Dresser Plan.  R. at 294.  Appellees James Graves, Phil Griffin, and Paul Bryant, individually and as representatives of a requested class of similarly situated persons (collectively, the "Retirees"), counterclaimed, seeking: (1) declaratory and injunctive relief prohibiting modifications

2

to the Dresser Plan to the extent such modifications are inconsistent with the medical benefit plans provided to similarly situated active Halliburton employees and prohibiting the implementation of the November 2003 amendments to the Dresser Plan; (2) declaratory and injunctive relief prohibiting any modification of the terms and benefits of certain protected programs[1] in a manner contrary to the terms of the Merger Agreement; (3) actual, consequential, and incidental damages; and (4) attorneys' fees and expenses.  R. at 146.

The parties filed cross-motions for summary judgment. Halliburton's motion for summary judgment sought (1) a declaration that the Merger Agreement did not limit its right to amend or terminate the Dresser Plan, (2) a declaration on the meaning of sections 7.09(g) and 10.07 of the Merger Agreement, and (3) dismissal of the Retirees' counterclaims with prejudice. R. at 932.  The Retirees' motion for partial summary judgment requested that the court find as a matter of law that the Merger Agreement requires Halliburton to maintain the Dresser Plan in accordance with section 7.09 of the Merger Agreement.  R. at 879-80.

On December 20, 2004, the district court granted partial

---

[1] The protected programs include: "pension equalizer" contributions to the Dresser Retirement Savings Plan; the Dresser Executive Deferred Compensation Plan; the Dresser Executive Life Insurance Program; and the Dresser Supplemental Executive Retirement Plan.  R. at 151.

summary judgment in favor of the Retirees, ordering that Halliburton must maintain the Dresser Plan for eligible participants and may adjust benefits in that plan only if it makes identical changes to benefits for similarly situated active Halliburton employees. The district court made no mention of the Retirees' counterclaims for damages or attorneys' fees or their claims relating to other benefits. On December 23, 2004, the district court entered a separate order entitled "final judgment," which stated that "[t]he partial judgment dated December 20, 2004, is severed and made final." R. at 1789. Although the district court stated that its partial summary judgment was severed and made final, it did not indicate which claims, if any, it intended to sever.

Ordinarily, a district court's grant of partial summary judgment is a non-appealable, interlocutory order. See Liberty Mut. Ins. Co., 424 U.S. at 744 (stating that grants of partial summary judgment limited to issues of liability "are by their terms interlocutory" and "where assessment of damages or awarding of other relief remains to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291"). FED. R. CIV. P. 21, however, provides that "[a]ny claim against a party may be severed and proceeded with separately." As this court has explained,

> [s]everance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a

4

> discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

Allied Elevator, Inc. v. E. Tex. State Bank, 965 F.2d 34, 36 (5th Cir. 1992) (quoting United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983)).

Halliburton argues that the district court severed its declaratory judgment action pursuant to Rule 21, thus creating a final judgment appealable under § 1291. According to Halliburton, our decisions in O'Neil, 709 F.2d 361, and Allied Elevator, 965 F.2d 34, indicate that no formalities for an order of severance are required so long as the intent to sever can be reasonably inferred from the district court's order.

We cannot accept Halliburton's theory of appellate jurisdiction for at least two reasons. First, we do not think that the district court's partial summary judgment order disposed of any particular claim, as required by Rule 21. See FED. R. CIV. P. 21 ("Any claim against a party may be severed and proceeded with separately.") (emphasis added). Although Halliburton contends that the district court's order disposed of its declaratory judgment claim in its entirety, we read the district court's order as deciding a threshold legal issue common to the claims of both parties, without distinguishing among the parties' specific claims. Nowhere in the district court's order or subsequent "final judgment" does the district court purport to

5

dispose of or sever Halliburton's declaratory judgment claim. See Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir. 1987) (stating that "[a]n entire claim may be severed under Rule 21") (emphasis added).

A close examination of the parties' pleadings and motions for summary judgment confirms our conclusion. Halliburton's motion for summary judgment did not request a final judgment on its declaratory judgment claim. Rather, it requested a ruling on one of its two pleaded grounds for declaratory relief. Compare R. at 294 (requesting two declarations in its complaint), with id. at 932, 949 (requesting summary judgment on one of its two pleaded grounds for declaratory relief). Similarly, the Retirees' motion for partial summary judgment did not refer to, much less request the district court to resolve, Halliburton's declaratory judgment claim. Instead, the Retirees requested that the district court resolve a "threshold contractual question" and find as a matter of law that the Merger Agreement requires Halliburton to maintain the Dresser Plan in accordance with section 7.09 of the Merger Agreement. R. at 899, 879. This is precisely what the district court purported to do in its partial summary judgment order and subsequent "final judgment." See R. at 1782, 1789.

Second, our case law requires that the district court clearly state its intention to sever a claim, and we cannot conclude that the district court intended to do so here. See

6

O'Neil, 709 F.2d at 368; Allied Elevator, 965 F.2d at 36. Unlike the orders at issue in O'Neil and Allied Elevator, the district court's order here did not use clear and unequivocal language indicating an intent to sever a specific claim or effectuate a Rule 21 severance. Compare R. at 1789 (district court's final judgment stating that "[t]he partial judgment dated December 20, 2004, is severed and made final" without indicating any specific claim to be severed), with O'Neil, 709 F.2d at 366 (concluding that the district court intended a Rule 21 severance where its judgment stated that "[t]he defendants' counterclaim against the plaintiff is severed from the cause of action alleged by plaintiff and will be tried separately and at a later date"), and Allied Elevator, 965 F.2d at 36 (determining that the district court "clearly intended" to sever the judgment on the counterclaim where the district court "order[ed] that judgment on the counterclaim 'is hereby severed, for which let execution issue'"). Based on the district court's order and subsequent order entitled "final judgment," we conclude that the district court did not clearly state its intention to sever any specific claim under Rule 21. Accordingly, the district court's final judgment is not "final" within the meaning of § 1291, and we lack jurisdiction to decide the merits of this interlocutory order.

Given that the parties desire immediate appellate review of the legal issue in the district court's partial summary judgment order, we suggest that one or both of the parties move the

7

district court to amend its order to include the 28 U.S.C.

§ 1292(b) certification language, pursuant to FED. R. APP. P.

5(a)(3).  If the district judge enters such an order by July 3,

2006, and if a timely request for permissive appeal is filed with

this court within ten days of such order, as required by

§ 1292(b) and FED. R. APP. P. 5(a), the resulting new appeal will

be assigned a new number and will be referred to this panel.  The

existing appellate briefs will serve as the briefs for the new

appeal, obviating the need for rebriefing.[2]

APPEAL DISMISSED.

---

[2]  Under the circumstances, the new appeal is, in our view, an appeal contemplated by Halliburton's stand still agreement set out in the letter of its counsel dated December 22, 2004.  R. at 1785.