United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50507
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAMON RAMIREZ-GOMEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CV-78
USDC No. 3:04-CR-1321-ALL
--------------------

Before KING, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Ramon Ramirez-Gomez (Ramirez), federal prisoner # 30871-198, was convicted of illegal reentry following deportation and sentenced to 50 months of imprisonment.  He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Prior to ruling on the merits of Ramirez's motion, the district court denied Ramirez's motion for the appointment of counsel, struck a pleading exceeding the page limitation, and ordered Ramirez to cure certain deficiencies in his pleadings.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez now moves this court for a certificate of appealability (COA) to appeal the district court's determination on these interlocutory issues.  Ramirez also moves this court for authority to proceed in forma pauperis (IFP) on appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary."  Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  The district court's orders denying the appointment of counsel, striking a pleading, and ordering Ramirez to cure deficiencies are non-appealable interlocutory orders. See Thomas v. Scott, 47 F.3d 713, 714-16 (5th Cir. 1995); Brinar v. Williamson, 245 F.3d 515, 516-18 (5th Cir. 2001).  This court is without jurisdiction to consider Ramirez's appeal. Accordingly, Ramirez's motion for a COA is denied, and the appeal is dismissed for lack of jurisdiction.  Ramirez's motion for authorization to proceed IFP on appeal is also denied.

MOTIONS DENIED; APPEAL DISMISSED.