# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 7, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3537

| | |
|---|---|
| MAURICE COLEMAN, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 1:99-CV-02635 |
| MARCUS HARDY, | |
| *Respondent-Appellee.* | Amy J. St. Eve, |
| | *Judge.* |

### O R D E R

On consideration of the petition for panel rehearing and for rehearing en banc filed by Respondent-Appellee on December 3, 2010, the opinion issued in the above-titled case on November 19, 2010 is hereby **AMENDED** as follows:

On page 11 of the slip opinion, a footnote is inserted immediately following the sentence, "In such a case an evidentiary hearing is warranted only if 'the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.' 28 U.S.C. § 2254(e)(2)(B)."  The footnote reads:

We join the Third and Eleventh Circuits in finding that the requirements of 28 U.S.C. §

2254(e)(2)(A) do not have to be met in order for a court to hold an evidentiary hearing on whether the petitioner has met the actual innocence threshold necessary to consider the merits of his procedurally defaulted claim. *See Cristin v. Brennan*, 281 F.3d 404, 418-19 (3d Cir. 2002) (finding no indications that "Congress intended § 2254 (e)(2)'s restrictions on evidentiary hearings to apply, in addition to hearings on the merits, to hearings on excuses to procedural default."); *Sibley v. Culliver*, 377 F.3d 1196, 1207 n.9 (11th Cir. 2004) ("We do not believe this provision governs the availability of evidentiary hearings when petitioners seek to introduce evidence concerning actual innocence. By its own terms, § 2254(e) applies only where a petitioner 'has failed to develop the factual basis of a claim in State court.' The term 'claim' appears to refer to the substantive claim for relief upon which the petition for habeas corpus is based."). *Cf. Morris v. Dormire*, 217 F.3d 556, 560 (8th Cir. 2000) (rejecting argument that district court abused its discretion in failing to hold an evidentiary hearing on claim of actual innocence where petitioner made no attempt to satisfy § 2254(e)(2)).

All members of the original panel have otherwise voted to deny the petition for rehearing. No judge in regular active service requested a vote on the petition for rehearing en banc. Accordingly, the petition is **DENIED**.