# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3487
_____

Javier Pena-Calleja

*Petitioner - Appellant*

v.

Melissa Ring

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 7, 2012
Filed: July 26, 2013
[Published]
_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Javier Pena-Calleja appeals the district court's denial of his motion to appoint counsel to represent him in his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court's order denying appointment of counsel was not a final order, nor was it appealable under the collateral order doctrine. Therefore, we dismiss Pena-Calleja's appeal for lack of jurisdiction.

The district court's order denying appointment of counsel did not offer a ruling on the merits of Pena-Calleja's petition. Thus, it was not a final order, and we generally lack jurisdiction over appeals of non-final orders. 28 U.S.C. § 1291; Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) ("Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks omitted). However, the collateral order doctrine provides for a narrow exception to this final judgment rule if the non-final order (1) "conclusively determine[s] the disputed question," (2) "resolve[s] an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment." Flanagan v. United States, 465 U.S. 259, 265 (1984) (quoting Livesay, 437 U.S. at 468).

Interlocutory appeals of orders denying appointment of counsel in habeas proceedings do not fall within the collateral order doctrine for at least two reasons. First, the district court's denial of appointment of counsel is not a conclusive determination; the district court may still appoint counsel for Pena-Calleja at a later time. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (noting the district court "may appoint counsel at any stage of the case if the interests of justice require"). Second, the denial of a motion to appoint counsel is clearly reviewable on appeal of a final order. See, e.g., Morris v. Dormire, 217 F.3d 556, 558–59 (8th Cir. 2000) (affirming denial of habeas petition and reviewing and affirming denial of motion for appointment of counsel); McCall v. Benson, 114 F.3d 754, 755–56 (8th Cir. 1997) (reviewing denial of habeas petition and reviewing district court's denial of motion to appoint counsel for abuse of discretion). Thus, a district court's order denying appointment of counsel in habeas proceedings does not fall within the collateral order doctrine's narrow exception to the final judgment rule.

Our circuit has not previously published an express ruling on this issue, but other circuits to address the question have held that orders denying appointment of counsel are not immediately appealable in the context of habeas proceedings.  See, e.g., United States v. Yousef, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam) (noting no jurisdiction to review interlocutory denial of motion to appoint counsel); Thomas v. Scott, 47 F.3d 713, 715–16 (5th Cir. 1995) (finding no jurisdiction to review interlocutory denial of motion to appoint counsel); Weygandt v. Look, 718 F.2d 952, 953 (9th Cir. 1983) (denial of appointment of counsel in habeas proceeding "does not fall within the narrow exception" to the final judgment rule) (internal quotation marks omitted).  We join those circuits and hold an order denying appointment of counsel in a habeas proceeding is not immediately appealable.[1]

We dismiss Pena-Calleja's appeal for lack of jurisdiction.

—————————————————————

---

[1] We have previously exercised jurisdiction over non-final orders denying appointment of counsel in Title VII and § 1983 cases.  See, e.g., Nelson v. Shuffman, 476 F.3d 635, 636 (8th Cir. 2007); Slaughter v. City of Maplewood, 731 F.2d 587, 588–89 (8th Cir. 1984).  However, those decisions do not control the issue of appealability in habeas cases.  The Ninth Circuit also recognized that non-final orders denying appointment of counsel in Title VII cases were immediately appealable but expressly held such precedent did not require it to exercise jurisdiction over non-final orders denying appointment of counsel in the habeas context.  Weygandt, 718 F.2d at 953 ("An interlocutory order denying appointment of counsel in a habeas corpus proceeding does not fall within the 'narrow exception['].  . . . This court's decision . . . that such an order in a Title VII action is appealable is not controlling.").  The Fifth Circuit similarly recognized that orders denying appointment of counsel were immediately appealable in Title VII and § 1983 cases but not in habeas proceedings.  Thomas, 47 F.2d at 715–16.