# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50896

W. L., IV, as Next Friend of W.L.,V, a Minor,

Plaintiff-Appellee

v.

SCOTT ASH JAMES ZIRUS,

Defendant-Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2020

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-607

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

W.L. IV, as next friend of W.L. V, a minor, filed suit against Scott Ash James Zirus, Texas prisoner # 1640002, claiming that Zirus sexually assaulted W.L. The suit is still pending in district court. Zirus filed a substantive motion to dismiss W.L.'s claims and a motion to be included in the pretrial conferences or dismiss for lack of prosecution, both of which were denied. Zirus timely appealed both orders, but subsequently withdrew his notice of appeal as to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denial of the latter motion.   He now moves for leave to proceed in forma pauperis (IFP) on appeal.

We must examine the basis of our own jurisdiction, sua sponte, if necessary.  *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015).  We may hear appeals only from: (1) "final decisions under 28 U.S.C. § 1291"; (2) "interlocutory decisions under 28 U.S.C. § 1292"; (3) "nonfinal judgments certified as final under" Federal Rule of Civil Procedure 54(d); or (4) "some other nonfinal order or judgment to which an exception applies."  *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538 (5th Cir. 1999) (footnotes omitted).  We "sometimes exercise our jurisdiction over an interlocutory appeal pursuant to the collateral order doctrine," which states "that a party can immediately appeal an order from the district court if the district court's order 1) conclusively determines the disputed issue, 2) resolves an important issue that is completely separate from the merits of the action, and 3) is effectively unreviewable on appeal from a final judgment."  *Marler v. Adonis Health Prods.*, 997 F.2d 1141, 1142-43 (5th Cir. 1993).

Zirus argues that this is a collateral order reviewable on interlocutory appeal because the three arguments raised and rejected in his motion to dismiss are issues of law separate from the merits of the action and effectively unreviewable on an appeal from the final judgment.  As for his first two arguments, both of which concern what constitutes a sexual act, neither was conclusively resolved by the district court.  Moreover, the arguments are central to the merits of W.L.'s federal claim and would be reviewable on appeal from the final judgment.  *See id.*  As for his third argument, whether W.L. was required to specifically invoke 28 U.S.C. § 1367(a) to confer jurisdiction over the state law claims, at a minimum, this issue is not effectively unreviewable

No. 19-50896

on an appeal from the final judgment. *See In re Greene Cty. Hosp.*, 835 F.2d 589, 596 (5th Cir. 1988).

Accordingly, Zirus's appeal is DISMISSED for lack of jurisdiction. His motion for leave to proceed IFP on appeal is DENIED.