# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2022

Lyle W. Cayce
Clerk

No. 20-20176
Summary Calendar

GARY LEE MOUNT,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3310

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Gary Lee Mount, Texas prisoner # 1969963, appeals the denial of several pro se motions in a proceeding that has been construed by the district court under 28 U.S.C. § 2254. Because a final judgment has not been issued

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20176

in the case, we must consider this court's jurisdiction. *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The orders appealed are not specified in 28 U.S.C. § 1292(a) and have not been certified for appeal; therefore, we address whether they fall within that "small class of orders" deemed final under the collateral order doctrine. *See Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957-58 (5th Cir. 1988).

Applying the doctrine, we have declined to immediately review an order denying appointment of counsel in a § 2254 proceeding. *Thomas v. Scott*, 47 F.3d 713, 715 (5th Cir. 1995). Immediate review of pretrial discovery orders is generally denied as well. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009). We further conclude that the doctrine does not apply to an order denying an evidentiary hearing in a § 2254 proceeding because it is not effectively unreviewable on appeal from the final judgment. *See id.* at 107-09; *United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021). Nor does it apply to the order denying Mount's attempts to compel an answer from the respondent and a decision on his § 2254 application because that order, on its face, is not conclusive. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995); *Mohawk Indus.*, 558 U.S. at 106. Finally, without a viable appeal to pursue, Mount's challenge to the order denying leave to proceed in forma pauperis on appeal is moot.

Accordingly, the interlocutory appeal is DISMISSED. The motions for leave to proceed in forma pauperis and appointment of counsel are DENIED.

2