# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2026

Lyle W. Cayce
Clerk

————————

No. 25-30463

————————

DAWN SIMMONS; RAY SIMMONS; BETHANY DARBY, *Individually & on Behalf of her Minor Child*, MD; BERNARD DARBY, JR., *Individually & on Behalf of his minor child*, M D,

*Plaintiffs—Appellants,*

*versus*

BROTHERHOOD MUTUAL INSURANCE COMPANY,

*Defendant—Appellee,*

———————————————————————

BETHANY DARBY, *Individually & on Behalf of Her Minor Child*, M D; BERNARD DARBY, JR. *Individually & on Behalf of His Minor Child*, M D,

*Plaintiffs—Appellants,*

*versus*

BROTHERHOOD MUTUAL INSURANCE COMPANY,

*Defendant—Appellee.*

————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC Nos. 6:23-CV-58, 6:23-CV-60

————————————————————

Before ELROD, *Chief Judge*, and WILLETT and WILSON, *Circuit Judges*.
PER CURIAM:[*]

This insurance dispute arises from a tragic accident. Dawn Simmons, her three children, and a family friend were on their way home from Dawn's high-school son's out-of-town basketball game when another driver crashed into their car. All three of the Simmons children died, as did the other driver; Dawn and the family friend sustained injuries. The Simmonses and the parents of the family friend sued Brotherhood Mutual Insurance Company, the insurer of the children's private school, contending that the school's auto-insurance policy covers them.

Brotherhood filed three motions for partial summary judgment, and the plaintiffs moved for partial summary judgment on a single issue. The district court granted partial summary judgment for Brotherhood on the issue of coverage under the commercial multi-peril policy, denying the plaintiffs' motion on the same issue. The court denied Brotherhood's other two partial-summary-judgment motions. On July 30, 2025, it issued a document that it styled "Order," in which it stated its rulings on the various partial-summary-judgment motions. The plaintiffs appealed, invoking our appellate jurisdiction over final judgments of district courts under 28 U.S.C. § 1291.

We must examine the basis of our appellate jurisdiction, *sua sponte* if necessary. *Trent v. Wade*, 776 F.3d 368, 387 (5th Cir. 2015). It is not clear whether the district court's order disposing of several motions for partial summary judgment constitutes a final judgment. Final decisions are those that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Marler v. Adonis Health Prods.*, 997 F.2d 1141,

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

1142 (5th Cir. 1993) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978), *superseded by rule on other grounds as recognized in, Microsoft Corp. v. Baker*, 582 U.S. 23 (2017)). "Ordinarily, a district court's grant of partial summary judgment is a non-appealable, interlocutory order." *Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 250 (5th Cir. 2006); *see Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). But here, the district court's partial-summary-judgment order appears to resolve all the claims in the case. And the parties seem to agree that the order "ends the litigation on the merits." *Marler*, 997 F.2d at 1142 (quoting *Coopers & Lybrand*, 437 U.S. at 467). At argument, plaintiffs' counsel stated that we have jurisdiction because the partial-summary-judgment ruling had resolved the only claim at issue—whether the plaintiffs qualified for benefits under the commercial multi-peril policy—and thus ended the case in district court. Counsel for Brotherhood appeared to agree, pointing out a later order that the district court had issued while the appeal was pending and that, counsel claimed, formed the final judgment. At our request, counsel provided us with that order.

But that order does not constitute the final judgment—instead, it is an order by the magistrate judge staying the case. While both parties agreed before the magistrate judge "that no further issues remain for trial at this time," the magistrate judge nonetheless stayed the case "pending resolution of Plaintiffs' pending appeal" before us.

A stay is not a final judgment. *E.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983) ("[A] stay is not ordinarily a final decision for purposes of § 1291."); *Kershaw v. Shalala*, 9 F.3d 11, 14 (5th Cir. 1993) ("An order staying judicial proceedings is ordinarily not considered final and is hence not appealable."). That the magistrate judge issued a stay thus connotes that the case has not finished in the district court,

which would mean that we lack jurisdiction under § 1291.[1]  But, as we have already explained, the district court's July 2025 order could be construed as a final judgment, and the parties appear to agree that that order resolved all the issues in the case and left "nothing for the court to do but execute the judgment."  *Marler*, 997 F.2d at 1142 (quoting *Coopers & Lybrand*, 437 U.S. at 467).

Accordingly, and out of an abundance of caution, we REMAND for the limited purpose of permitting the district court to issue final judgment. We request that the district court do so within fourteen days.  The parties need not file a new notice of appeal or submit additional briefing in this court, and this panel retains jurisdiction over the appeal. *See, e.g.*, *Marquardt v. City of New Orleans*, No. 24-30802, 2026 WL 74503, at *1 (5th Cir. Jan. 9, 2026).

---

[1] We need not address the question whether the magistrate judge had jurisdiction to enter a stay during the pendency of this appeal.