# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3773

———————

Timothy Nelson,

        Appellant,

    v.

Dorn Shuffman; Diane McFarland;
Karen Adams; Alan Blake; Martha
Bellew-Smith; Linda Meade,

        Appellees.

Appeal from the United States
District Court for the
Eastern District of Missouri.

[PUBLISHED]

———————

Submitted: December 7, 2006
Filed: January 25, 2007 (Correction: 02/02/07)

———————

Before BYE, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Timothy Nelson appeals the district court's[1] denial of his motion for appointment of counsel. The district court's denial of counsel is affirmed at this time, but the denial is without prejudice to Timothy Nelson's right to renew his request for counsel as the case progresses. In any future orders which may deny requests for counsel, the district court is directed to state in more detail its reasons for doing so.

---

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

See Slaughter v. City of Maplewood, 731 F.2d 587, 589 (8th Cir. 1984) (discussing the need for the record to reveal "whether the district court exercised a reasoned and well-informed discretion, so as to permit . . . review for abuse of discretion").

COLLOTON, Circuit Judge, dissenting.

Timothy Nelson appeals the district court's decision to deny his motion for appointment of counsel in an action filed pursuant to 42 U.S.C. § 1983. I would dismiss the appeal for lack of jurisdiction, and I therefore respectfully dissent from the court's decision to assert jurisdiction and to consider the merits of the appeal.

In *Flanagan v. United States*, 465 U.S. 259 (1984), the Supreme Court held unanimously that a collateral order disqualifying counsel for defendants in a criminal case was not immediately appealable. Applying the well-established "final judgment rule," which "is the dominant rule in federal appellate practice," *id*. at 270 (quoting 6 Moore, *Federal Practice* 113 (2d ed. 1953)), the Court concluded that an order disqualifying counsel did not satisfy the three "stringent conditions for qualification as an immediately appealable collateral order," *id*. at 269 – namely, (1) that it "must conclusively determine the disputed question," (2) that it "must resolve an important issue completely separate from the merits of the action," (3) that it "be effectively unreviewable on appeal from a final judgment." *Id*. at 265 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). Depending on whether the asserted right to counsel of one's choice would require a showing of prejudice, the Court held that the order did not meet either the second or third requirement for appealability, and that "a straightforward application of the necessary conditions laid down in prior cases" demonstrated that the Court lacked jurisdiction. *Flanagan*, 465 U.S. at 270.

More than two decades after *Flanagan*, all but one court of appeals to consider the immediate appealability of an order denying appointment of counsel in a § 1983 action has held that jurisdiction is lacking. *See Marler v. Adonis Health Products*, 997

-2-

F.2d 1141, 1142 & nn.1 & 2 (5th Cir. 1993) (collecting cases). As Judge Merritt wrote in a case involving one such appeal, there is "no reason to carve out an exception to rules of appealability for civil rights cases," because "[s]uch cases are not more or less sacrosanct than numerous other types of federal cases for which a lawyer may be appointed," and "[w]hether an error has been made respecting the appointment of counsel in civil rights cases can be corrected just as easily after final judgment as in other cases." *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 764 (6th Cir. 1985) (en banc) (Merritt, J., concurring). In sum, "[t]here is no reason to distinguish civil rights cases from habeas corpus, social security and criminal cases." *Id*. In the one outlying decision, *Robbins v. Maggio*, 750 F.2d 405, 410-13 (5th Cir. 1985), the dissenting opinion of Judge Garwood is in harmony with the clear majority view, *id*. at 414-18 (Garwood, J., dissenting), and the Fifth Circuit has since retreated from its assertion in *Robbins* that *Flanagan* applies only to criminal cases. *Marler*, 997 F.2d at 1143 (products liability action); *Thomas v. Scott*, 47 F.3d 713, 715 (5th Cir. 1995) (habeas corpus petition).

While the correct answer to the jurisdictional question appears clear, the complicating factor in this appeal is our court's decision in *Slaughter v. City of Maplewood*, 731 F.2d 587 (8th Cir. 1984), which held that an order denying appointment of counsel in a case brought under Title VII of the Civil Rights Act was immediately appealable. *Id*. at 588-89. The *Slaughter* panel relied primarily on a prior panel decision in *Hudak v. Curators of University of Missouri*, 586 F.2d 105, 106 (8th Cir. 1978), and a decision of the Ninth Circuit in *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981), to support its conclusion. In a quirk of timing, *Slaughter* was submitted to the panel on January 11, 1984, the Supreme Court decided *Flanagan* on February 21, 1984, and *Slaughter* was then decided on April 13, 1984 – without any mention of *Flanagan* or any indication that the Supreme Court's intervening decision was called to the attention of the panel.

It is well settled that a panel of the court of appeals may depart from circuit precedent based on an intervening opinion of the Supreme Court that undermines the prior precedent. *T.L. v. United States*, 443 F.3d 956, 960 (8th Cir. 2006). But what of the situation where an intervening decision of the Supreme Court is filed while a similar case is under submission in the court of appeals, and the Supreme Court's new pronouncement is unnoticed by the panel? This "unusual and delicate situation," *Wilson v. Taylor*, 658 F.2d 1021, 1035 (5th Cir. 1981), has been addressed in only three reported opinions, and all three circuits have held that a panel of the court of appeals may follow the overlooked decision of the Supreme Court, rather than the prior panel decision that was filed without consideration of the Supreme Court's intervening opinion.

In *Wilson*, the Fifth Circuit reasoned that because the intervening decision of the Supreme Court was binding on the prior panel that was unaware of it, and the prior panel was without power to disregard the Supreme Court opinion, a later panel of the court should follow the decision of the Supreme Court, rather than the obsolete reasoning of the prior panel. *Id*. at 1035. The Eleventh Circuit concluded that although decisions of prior panels are binding on subsequent panels, that rule did not apply where recent holdings of the Supreme Court were not called to the attention of a prior panel, and where those holdings would have dictated a conclusion contrary to the decision of the prior panel. *Tucker v. Phyfer*, 819 F.2d 1030, 1035 n.7 (11th Cir. 1987). The court explained that it was "not . . . violating the prior panel rule," but "simply discharging [its] duty to follow clearly controlling Supreme Court precedent." *Id*.[2] The Federal Circuit reached the same conclusion, holding succinctly that "[a]

_____

[2]A subsequent panel of the Eleventh Circuit disagreed with *Tucker*, although the later decision did not involve a clearly controlling Supreme Court precedent that had been unnoticed by a prior panel. *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). The *Smith* panel asserted that *Tucker* did not survive a subsequent en banc opinion that reiterated the prior panel rule, *id*., but of course *Tucker* recognized the prior panel rule and found it inapplicable, 819 F.2d at 1035 n.7, so it is unclear how

-4-

decision that fails to consider Supreme Court precedent does not control if the court determines that the prior panel would have reached a different conclusion if it had considered controlling precedent." *Atlantic Thermoplastics Co., Inc. v. Faytex Corp.*, 970 F.2d 834, 838 n.2 (Fed. Cir. 1992).[3]  Following the lead of our three sister circuits, we would be free to consider the Supreme Court's decision in *Flanagan* anew, and that consideration would lead ineluctably to the conclusion that this appeal should be dismissed for lack of jurisdiction.

Whatever the precedential force of the *holding* of *Slaughter*, I am quite confident that we are not bound by its *dicta*.  *Slaughter* held only that the court has jurisdiction over an appeal from denial of counsel in a Title VII case.  To the extent we are obligated to follow that holding even though the panel did not consider *Flanagan*, we should limit our deviation from the Supreme Court's guidance to the minimum.  The Ninth Circuit, whose decision concerning appealability in a Title VII case was followed by *Slaughter*, 731 F.2d at 589 (quoting *Bradshaw*, 662 F.2d at 1310-11), has subsequently held that an order denying counsel is not immediately appealable in a § 1983 suit.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 & n.2 (9th Cir. 1986) (distinguishing *Bradshaw*).  The better view is that we lack jurisdiction in either type of action.  *E.g.*, *Hodges v. Department of Corrections*, 895 F.2d 1360, 1362 (11th Cir. 1990) (per curiam).  But if we are bound to follow *Slaughter* in a Title VII case, then we should not compound the error by extending our assertion of jurisdiction to an immediate appeal regarding appointment of counsel in a § 1983 case.

---

a future panel of the Eleventh Circuit would proceed in this situation.

[3]The D.C. Circuit noted this issue in *Amfac Resorts, L.L.C. v. United States Dep't of the Interior*, 282 F.3d 818, 827 (D.C. Cir. 2002), but found it unnecessary to resolve it.

I would dismiss this appeal for lack of jurisdiction. Because the panel concludes that *Slaughter* dictates that the court assume jurisdiction, I respectfully suggest that the question warrants review by the en banc court in this case or a future similar appeal, so that we may bring the law of the circuit into line with decisions of the Supreme Court and our sister circuits.

_____