# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3118

_____

Darrin Scott Walker,                          *
                                              *
            Appellant,                        *
                                              *   Appeal from the United States
      v.                                      *   District Court for the
                                              *   Western District of Missouri.
Michael Bowersox; Charlie Baker;              *
Paul McPheeters; David Wynn;                  *   [PUBLISHED]
Cantrell; Soloman Meeker; Marc                *
Knarr; Williams; Pacheco; Wahldrop;           *
Mason; Bryan Goeke; John Doe, 1 and           *
2; Massey,                                     *
                                              *
            Appellees.                        *

_____

Submitted: May 23, 2008
Filed: May 30, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Darrin Scott Walker appeals the district court's adverse grant
of summary judgment in this 42 U.S.C. § 1983 action.[1] His claims arose from several

_____

[1]Walker does not challenge on appeal the district court's 28 U.S.C. § 1915A
dismissal of Charlie Baker or Bryan Goeke, nor does he challenge the dismissal
without prejudice of defendant David Williams, who was never served.

incidents at South Central Correctional Center (SCCC): an incident when he was restrained on a bench for refusing a cell mate, an incident when he was pepper-sprayed for refusing orders to give officers a food tray, and two incidents when he received an alternative meal instead of his special food tray.

We review de novo the grant of summary judgment, viewing the evidence and all fair inferences from it in a light most favorable to Walker. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006). We agree with the district court that Walker did not properly seek postponement of the summary judgment ruling under Federal Rule of Civil Procedure 56(f), see Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999); we find that the denial of Walker's motion to compel discovery did not constitute a gross abuse of discretion affecting the fundamental fairness of the proceedings, see Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000); and we also find that he was not entitled to judgment based on his speculation that certain videotapes had been purposely destroyed.

As to Walker's claim relating to the restraint-bench incident, officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not use it maliciously or sadistically to cause harm. See Johnson, 453 F.3d at 1112. In evaluating whether the force was reasonable and in good faith, courts may consider the need for applying force, the relationship between that need and the amount of force utilized, the threat the responsible officials reasonably perceived, any efforts used to diminish the severity of a forceful response, and the extent of the injury inflicted. See Hudson v. McMillian, 503 U.S. 1, 7 (1992). Applying these considerations, we find that summary judgment was not proper as to defendant Superintendent Michael Bowersox; defendant Sergeants David Wynn, Thomas Waldrup, and Marc Knarr; defendant Functional Unit Manager Paul McPheeters; and defendant officer Michael Pacheco. There is no dispute that, after being moved from a one-man cell to a two-man cell, Walker first slipped out of his handcuffs and refused to submit to recuffing, because he did not wish to be celled with the proposed cell

mate. There is also no dispute, however, that he soon thereafter submitted to cuffing, thereby removing any threat or need for force. There was no explanation by defendants as to why it was then necessary to apply force to obtain Walker's agreement to the proposed cell mate.

Further, defendants did not rebut Walker's evidence that, while restrained on the bench for twenty-four hours, he had no access to water (other than the small amount he received when nurses gave him his antidepressant) or a bathroom from around 1 p.m. one day to around 9:30 a.m. the next day; that he was denied any food; that he had no access to his pain or heartburn medications; that he was forced to sit in an upright position; and that he suffered exacerbations of his chronic back pain and post traumatic stress disorder.[2] We find trialworthy issues as to whether imposing such conditions on Walker to make him accept a specific cell mate was an excessive and disproportionate use of force, amounting to cruel and unusual punishment. Cf. Key v. McKinney, 176 F.3d 1083, 1085-86 (8th Cir. 1999) (policy adopted after prison disturbances and requiring 24-hour period in restraints if inmate engaged in spitting, throwing objects, or starting fire did not show deliberate indifference or wanton conduct: inmates were restrained in way to permit care of basic bodily functions, were fed meals and checked every 30 minutes by officer and every 8 hours by nurse, and handcuffs were loosened and medical conditions were considered if needed); Hickey v. Reeder, 12 F.3d 754, 756, 759 (8th Cir. 1993) (noting in appeal from adverse judgment following bench trial that using stun gun to enforce order to sweep cell was exaggerated response to misconduct and summary corporal punishment that violated inmate's right to be free from cruel and unusual punishment). Accordingly, it was improper for the district court to grant summary judgment on Walker's damages claims against these defendants in their individual capacities. Walker's related requests for injunctive relief, however, are moot as he is no longer

---

[2]Defendant McPheeters's attestations about what happened to ad seg inmates generally were insufficient to rebut Walker's testimony and verified allegations.

incarcerated at SCCC and is now in a protective custody unit at another prison. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (inmate's claim for injunctive relief to improve prison conditions is moot once he is no longer subject to those conditions). Further, the actions of defendant officers Jeremy Cantrell, Solomon Meeker, and Agnes Massey (named as Mason in the complaint) were insufficient to subject them to section 1983 liability on this excessive-force claim.

We also find jury issues as to whether, under the circumstances, defendant Knarr's use of pepper spray was reasonable and in good faith. See Johnson, 453 F.3d at 1112-13 (considerations). While Knarr attested that he used pepper spray because Walker was disrupting the unit routine and distracting officers, and that trays could be used as weapons, it was undisputed that Walker was in his cell at the time of the incident, and that although he refused three orders to give Knarr his cell mate's tray and refused to move away from the food port, Knarr gave no warning before first spraying around the port--with a super-soaker used for riot situations--and Walker was moving away from the port when Knarr sprayed him a second time directly in the face and soaked the entire cell and bedding with spray; further, it was undisputed that because Walker was not allowed to shower or have clean clothes or bedding for three days and could only wash in his cell sink, he suffered red, peeling, and itchy skin for a long time, and had to use hydrocortisone cream for months. See Treats v. Morgan, 308 F.3d 868, 872-73 (8th Cir. 2002) (pepper spray will not be justified each time inmate questions orders or seeks redress for officer's actions; basis for Eighth Amendment claim exists when pepper spray is used without warning on inmate who may have questioned officer's actions but otherwise posed no threat); cf. Foulk v. Charrier, 262 F.3d 687, 701-02 (8th Cir. 2001) (agreeing that reasonable jury could have found in plaintiff's favor: inmate testified he was being compliant and door was locked when defendant enticed him to put his face up to screened window and sprayed pepper spray directly into inmate's face; inmate testified his eyes, nose, and mouth burned, and while defendant testified discomfort was only temporary, plaintiff testified he felt pain for several days); Jones v. Shields, 207 F.3d 491, 493-95 (8th Cir.

2000) (inmate failed to establish Eighth Amendment violation where testimony showed inmate charged toward defendant, defendant responded with small burst of pepper spray, inmate was immediately taken to infirmary and then permitted to shower, and inmate told nurse he was fine). Accordingly, summary judgment was not proper as to Walker's excessive-force claim against Knarr in his individual capacity. As to Walker's claim that Knarr's actions were retaliatory, such a claim would fail as he admittedly ignored Knarr's repeated orders to hand over the food tray. Cf. Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (retaliatory discipline claim fails if the alleged retaliation arises from acts inmate is not entitled to perform).

We find that the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation. See Morris v. Powell, 449 F.3d 682, 684-85 (5th Cir. 2006) (inmate must allege more than de minimis or inconsequential act to support retaliation claim). While we find that summary judgment was not proper as to certain defendants on the excessive-force claims arising from the restraint-bench and pepper-spray incidents, we find that the official-capacity claims against these defendants for damages are Eleventh Amendment barred. See Larson v. Kempker, 414 F.3d 936, 939 n.3 (8th Cir. 2005).

Finally, while Walker has no constitutional or statutory right to counsel in a civil case, see Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (abuse-of-discretion standard of review; relevant factors), in denying counsel the district court did not explain why the relevant factors were not met here, and it appears Walker may need assistance in obtaining access to videotapes and reports, and information as to the identity of the John Doe defendants and witnesses, see Nelson v. Shuffman, 476 F.3d 635, 636 (8th Cir. 2007) (per curiam) (affirming denial of appointed counsel but finding that denial is without prejudice to plaintiff's right to renew request as case

progresses). On remand, the district court should consider whether appointing counsel is warranted.

Accordingly, we reverse the grant of summary judgment on Walker's claim for damages for the excessive use of force in the restraint-bench incident, as to defendants Bowersox, Wynn, Knarr, Waldrup, McPheeters, and Pacheco in their individual capacities; we reverse the grant of summary judgment on Walker's claim for damages for the excessive use of force in the pepper-spray incident, as to defendant Knarr in his individual capacity; and we affirm in all other respects and remand for further proceedings consistent with this opinion. We deny Walker's pending motion.

_____