# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1144

_____

Samuel Lewis Taylor,

        Appellant,

    v.

Robyn Combs; Pamela Swartz;
Walter Koon; Curtis Nelson;
Gregory Patrick; John Doe; Dave
Dormire; Lisa Jones; Darlene Wansing
Steve Houston; Chris Swicord,

        Appellees.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*
\*
\*
\*
\*

_____

Submitted: July 7, 2010
Filed: July 22, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Inmate Samuel Lewis Taylor appeals from the final judgment of the district court in his 42 U.S.C. § 1983 action. We have carefully reviewed the record and conclude, for the reasons stated by the district court, that it was proper to dismiss, under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), Taylor's claims concerning loss or damage to his property; that it was also proper for the court to dismiss the claims against the John Doe defendants under Federal Rule of Civil Procedure 4(m); and that

summary judgment was warranted on the claim against Pamela Swartz. Contrary to Taylor's assertions on appeal, there is nothing in the district court record indicating he sought leave to amend his complaint to add another defendant.

As to the grant of summary judgment on the remaining claims against the Missouri Department of Corrections (MDOC) officials and employees, we agree with the district court's analysis on all claims but those of excessive force against defendants Walter Koon, Curtis Nelson, and Gregory Patrick arising from an incident when they and other members of a movement team moved Taylor from one cell to another. Even if Taylor could not specifically identify which member or members of the movement team hit him, as he pointed out below, the MDOC defendants did not deny that he was hit during transport while he was face-down on a gurney and cuffed--and thus when he was no longer a threat--or that none of the movement-team members tried to stop the hitting.[1] See Krout v. Goemmer, 583 F.3d 556, 565 (8th Cir. 2009) (prison guard could be liable under § 1983 if he saw another correctional officer hit inmate several times but did nothing to stop assault); Walker v. Bowersox, 526 F.3d 1186, 1188 (8th Cir. 2008) (per curiam) (officers may reasonably use force in good-faith effort to restore or maintain discipline, but force may not be used maliciously or sadistically for purpose of causing harm; in considering whether force was reasonable and in good faith, courts must consider, among other things, need for applying force and threat responsible officials reasonably perceived). Accordingly, we affirm the dismissal of all but the excessive force claims against Koon, Nelson, and Patrick, which we remand for further proceedings consistent with this opinion. We also grant Taylor's motion for leave to use the original record.

———————————————————

[1] Based on the record below, including Taylor's complaint, we interpret Taylor's excessive-force claim as arising only from the alleged hitting.

-2-