NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 8, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2195

| | |
|---|---|
| BOGUMILA LOBROW, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 08 C 6978 |
| VILLAGE OF PORT BARRINGTON, | |
| *Defendant-Appellee*. | Charles R. Norgle, *Judge*. |

**O R D E R**

Bogumila Lobrow appeals the grant of summary judgment in her action under 42 U.S.C. § 1983, in which she claimed that the Village of Port Barrington, Illinois, violated her rights to due process and equal protection by adopting a "policy of harassment" against her. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Lobrow presented minimal evidence to support her lawsuit: she showed that she was cited by Village police officers three times over a 30-month period for failing to display a permit sticker on her motor vehicle, and she noted another instance in which she was cited for failing to stop at a red light. At the same time, her submissions in the district court made significant concessions: she admitted in her response to the Village's motion for summary judgment that she did not know that the Village maintained an official policy against her, that any ranking Village official caused any harassment, or that the Village treated other similarly situated individuals differently from her. The district court granted summary judgment for the Village, concluding that Lobrow could not establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because no rational jury could find that her citations amounted to a "widespread custom or practice" or that Village policymakers were deliberately indifferent to her constitutional rights. The court also determined that Lobrow could not establish any violation of her rights to substantive due process, procedural due process, or equal protection.

We can discern only two arguments in Lobrow's appellate brief that relate to the claims she raised in the district court. She first asserts that summary judgment should have been denied because of her evidence showing that she lived outside the Village limits and that Village police officers therefore lacked authority to cite her for not displaying a permit sticker. We agree with the district court, though, that this disputed fact was not material. Even if officers were mistaken that Lobrow resided within Village limits, this mistake would not bear on whether she suffered a violation of her constitutional rights by virtue of a widespread governmental practice or the deliberate indifference of Village policymakers. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010); *Gable v. City of Chicago*, 296 F.3d 531, 537–38 (7th Cir. 2002).

Lobrow also seems to argue that the district court should have given her additional time to conduct discovery before ruling on the Village's motion for summary judgment. But if Lobrow needed further discovery, she should have filed a motion under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), *see* FED. R. CIV. P. 56 (effective Dec. 1, 2010), explaining why she could not yet present facts essential to her opposition. *See Edgenet. Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006). Even pro se litigants must follow this rule. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010); *see Walker v. Bowersox*, 526 F.3d 1186, 1187–88 (8th Cir. 2008).

The remainder of Lobrow's brief consists of new claims, facts that were not presented to the district court, or facts that the court appropriately did not consider because Lobrow did not present them in a statement complying with Local Rule 56.1. *See Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1109 (7th Cir. 2004). We may not consider

evidence outside the record or issues raised for the first time on appeal. *See Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 841 (7th Cir. 2010); *United States v. Raymond*, 228 F.3d 804, 809 n.5 (7th Cir. 2000); *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1997).

AFFIRMED.