MURPHY, Circuit Judge,
dissenting.
I respectfully dissent from the court’s decision to affirm the district court’s denial of Kevin Ward’s motion to appoint counsel. Appellant moved for appointment of counsel in order to manage a discovery dispute that rapidly outgrew the abilities of an average imprisoned pro se litigant, but his request was denied. Two of the most important considerations for a court on such a motion are the factual and legal complexity of the case and “the ability of the indigent person to investigate the facts ... [and] to present claims.” Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir.2006).[3]
*944 The main issue in this case involves discovery disputes relating to video tapes that allegedly documented a prison assault on Ward. He asserts that while his initial grievances were denied because the video evidence purportedly did not support his allegations, prison officials have since vacillated as to whether the video actually existed and whether it in fact recorded all of the alleged assault. Ward contends that prison administrators have persistently refused to allow him access to the video and to other material evidence on the ground that he is a pro se litigant and that evidence was confiscated from him when he was housed in administrative segregation. Appellees dispute Ward’s allegations about alteration of the video evidence and confiscation of his legal materials. They contend that for safety and security reasons much of the evidence not yet released to Ward cannot be provided to imprisoned inmates.
What might originally have been characterized simply as a dispute over production of a videotape has grown into a wider conflict concerning potential spoliation and Ward’s need for adequate access to discovery balanced against the prison’s asserted security interests in restricting what materials can be disclosed to an incarcerated litigant. There are also questions about what evidence actually was provided to Ward or confiscated from him. Such issues have grown complicated enough even to confuse the attorneys appearing before our court. At oral argument the Assistant Attorney General represented to the court that Ward had in fact viewed the disputed video. Counsel appointed for Ward at the time was able to correct that record, and the state later admitted error in a Rule 28Q) letter. While there is no reason to believe the misstatement at oral argument was anything other than an innocent mistake, it does underline the difficulty of the discovery dispute for even seasoned litigators, much less an incarcerated inmate with no legal experience.
The majority suggests that the district court can order discovery if it perceives any “gamesmanship” by prison officials. Ante at 943. There are two problems with this suggestion. First, it does not address current questions raised by Ward about spoliation and evidence alteration. Second, and more importantly, Ward has repeatedly emphasized that his appeal does not concern how the district court should rule on the underlying discovery dispute. Rather, it is about whether the nature of that dispute and the facts and law surrounding it are sufficiently complex to require appointment of counsel. The potential issues include which materials Ward should be provided and whether oversight is necessary to prevent any spoliation of evidence. Such issues can be complicated and touch on sensitive issues of prison policy and procedures.
On abuse of discretion review, we look to ensure that the district court gave due weight and consideration to all relevant and significant factors. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213 (8th Cir.2011). The difficulty Ward faces in order to secure all relevant evidence and determine whether it has been altered is “a relevant factor that should have been given significant weight” by the district court. Id.; see Walker v. Bowersox, 526 *945 F.3d 1186, 1190 (8th Cir.2008). Although the district court did not provide any independent rationale for its decision, it cited the “defendants’ suggestions in opposition” as grounds for its ruling. The defendants submitted two short memoranda opposing appointment of counsel. Neither response addresses the complexity of the dispute or Ward’s ability to retain access to material evidence and ensure it has not been altered. See Defendants’ Opposition to Plaintiffs Second Motion for Appointment of Counsel, Docket No. 36; Memorandum of Defendant Tiffany Breeden, In Opposition to Plaintiffs Motion To Appoint Counsel, Docket No. 34. This is not different in any meaningful respect from the situation in Bowersox where the district court also “did not explain why the relevant factors were not met” and we remanded for more thorough consideration of whether to appoint counsel. 526 F.3d at 1190.
The district court’s decision denying appointment of counsel did not give significant weight to the relatively complicated nature of the ongoing discovery dispute in this case. Its order should therefore be reversed and remanded for further consideration of the motion to appoint counsel for Ward in this matter.

. While there is no statutory or constitutional right to appointed counsel in civil cases, Edg *944 ington v. Mo. Dep’t of Corr., 52 F.3d 111, 780 (8th Cir.1995), we have instructed courts to "give 'serious consideration’ to appointing counsel whenever an indigent plaintiff establishes ... a prima facie case which, if proven, would entitle him to relief,” Sours v. Norris, 782 F.2d 106, 107 (8th Cir.1986) (citation omitted).