NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted November 12, 2014[*]
Decided November 18, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1108

| | |
|---|---|
| WILLIAM CHATMAN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-1257 |
| GUY PIERCE, et al., *Defendants-Appellees*. | Michael M. Mihm, *Judge*. |

**O R D E R**

William Chatman, an inmate at Pontiac Correctional Center, appeals the grant of summary judgment on his claim that a prison guard violated his First Amendment rights by filing false disciplinary charges against him in retaliation for a grievance he submitted regarding the guard's allegedly illicit activity. *See* 42 U.S.C. § 1983. We affirm in part, and vacate and remand in part.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

We construe all facts and inferences in the light most favorable to Chatman, the non-movant. *Miller v. Gonzalez*, 761 F.3d 822, 826 (7th Cir. 2014). On August 22, 2010, Chatman set in motion a series of events when he filed a grievance that accused correctional officer John Heath of smuggling cigarettes into Pontiac to trade with an inmate. Nearly three weeks later, the prison transferred Chatman to a cell block monitored by Heath. Almost immediately Heath began visiting Chatman's cell, telling Chatman that he was going to "get" him, and asking him about the August 22 grievance. One week after the move, Heath issued Chatman a disciplinary ticket for "insolence" and "intimidation of threats." The following week Heath wrote up Chatman again for the same offenses. A prison adjustment committee held two separate disciplinary hearings, found Chatman guilty of the alleged infractions, and disciplined him with segregation and restrictions on television and audio usage. But, according to Chatman, the harassment continued—Chatman received food that appeared to be tampered with and he had difficulty receiving and sending mail. Chatman complained about these matters in grievances that he filed against Heath, but grievance officers denied those grievances as baseless. He also complained in writing to the director of the Illinois Department of Corrections, Gladyse Taylor, and Pontiac's warden, Guy Pierce. Pierce ordered an investigation into Chatman's allegations of Heath's cigarette smuggling, and Taylor referred Chatman's grievances to the prison's Administrative Review Board for further consideration.

Chatman then brought this suit, claiming that Heath retaliated against him for filing the August 22 grievance by fabricating disciplinary tickets and tampering with his food and mail, and that Taylor and Pierce knew about the retaliation but "turned a blind eye" by allowing Heath to be stationed at his same cell block.

The district court granted summary judgment for the prison officials. First, with regard to Chatman's claims against Heath, the court determined that Chatman presented neither direct nor circumstantial evidence of retaliation, adding that the "four-week plus gap" between Chatman's August 22 grievance and the September 17 disciplinary report was "too long to raise an inference of causation sufficient to preclude summary judgment." With regard to Chatman's claims against Pierce and Taylor, the court (1) noted Chatman's acknowledgment that neither official personally harassed him or tampered with his food or mail; (2) explained that respondeat superior did not apply to § 1983 actions; and (3) determined that Chatman presented no evidence that either official "approved, condoned, or turned a blind eye toward Heath's unconstitutional behavior."

On appeal Chatman maintains that Heath's actions were based on retaliatory motive, and relies mainly on his declaration, in which he recounts Heath's visiting his cell on September 20 and threatening to "get" him, and then later reprimanding him for informing the warden that he was "bringing in cigarettes." The district court, however, did not address these comments and focused on the disciplinary tickets. But Heath's alleged statements are circumstantial evidence of a retaliatory motive that the district court determined was absent. Under these circumstances, a reasonable juror could interpret Heath's statements to be sufficient to show that Heath punished Chatman because of protected activity. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 966–66 (7th Cir. 2012); *Muhammad v. Close*, 379 F.3d 413, 417 (6th Cir. 2004). Contrary to the district court's suggestion, Chatman does not try to show retaliation merely with regard to the suspicious timing of Heath's actions; rather he sets forth a chronology of events, supported by Heath's alleged threats, and from those circumstances a retaliatory motive could be inferred. *See Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). The grant of summary judgment on Chatman's claim against Heath is therefore vacated.

Next Chatman disputes the district court's conclusion that Pierce and Taylor lacked personal involvement in the case and maintains that his subsequent grievances put them on notice of Heath's actions, but they nevertheless "turned a blind eye." But § 1983 does not provide for vicarious liability, *see Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009), and Chatman has not provided evidence that Taylor and Pierce deliberately ignored Heath's actions toward him. *See Anderson v. Cornejo*, 355 F.3d 1021, 1026–27 (7th Cir. 2004). Pierce and Taylor in fact responded to letters that Chatman sent them about Heath's actions: Pierce ordered an investigation into Chatman's allegations that Heath was smuggling cigarettes into the prison, and Taylor forwarded Chatman's grievances to the Administrative Review Board—the agency authorized to handle inmate grievances.

Finally Chatman argues that the court should not have entered summary judgment before discovery was complete. But if Chatman needed further discovery, he should have moved under Federal Rule of Civil Procedure 56(d), explaining why he could not yet present facts essential to his opposition. *See Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (applying rule to pro se litigant); *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) (same).

Accordingly, we VACATE the grant of summary judgment on Chatman's claim against Heath and REMAND that claim for further proceedings. In all other respects the judgment is AFFIRMED.