# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-3672

_____

Joey Marlin Tate

*Plaintiff - Appellant*

v.

Johnson County, Arkansas; Jail Administrator Robert Peterson, Individual and Official capacity; Sheriff Jimmy Dorney, Individual and Official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: June 15, 2015
Filed: June 18, 2015
[Unpublished]

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Joey Marlin Tate appeals, challenging various pre-trial and trial rulings, following the district court's[1] adverse entry of judgment on a jury verdict in his 42 U.S.C. § 1983 suit. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

This court concludes that the district court did not abuse its discretion in its pre-trial rulings. *See Ward v. Smith*, 721 F.3d 940, 942-43 (8th Cir. 2013) (per curiam) (abuse-of-discretion review of denial of appointed counsel); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497-98 (8th Cir. 2008) (same for denial of motion to amend complaint); *United States v. Yockel*, 320 F.3d 818, 827 (8th Cir. 2003) (factors to consider when deciding motion to continue trial); *Life Plus Int'l v. Brown*, 317 F.3d 799, 803-04 (8th Cir. 2003) (factors to consider before excluding witness due to party's untimely disclosure); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057-58 (8th Cir. 1984) (en banc) (district court has discretionary power to call its own expert witness); *see also Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (pro se litigant is bound by same litigation rules as is lawyer).

During trial, the district court's curative instructions adequately addressed any prejudice caused by the testimony about Tate's criminal charges and status as an inmate, *cf. Holloway v. Alexander*, 957 F.2d 529, 530 (8th Cir. 1992) (prejudice may be cured by district court's instructions to jury); *Lockley v. Deere & Co.*, 933 F.2d 1378, 1388-89 (8th Cir. 1991) (appellant has burden of making concrete showing of prejudice resulting from unwarranted statement). There was no error in the court's handling of Tate's request to call a witness who had not been subpoenaed for trial and was not present in court when Tate tried to call him, *see Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991) (per curiam) (abuse-of-discretion review of denial of request to call witness). Tate has not shown any plain error in the jury instructions given by the court, to which he did not object, *see Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765,

---

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

771 (8th Cir. 2004).  Finally, because Tate did not move for judgment as a matter of law, this court lacks authority to review his challenge to the jury verdict.  *See Ondrisek v. Hoffman*, 698 F.3d 1020, 1025 (8th Cir. 2012).

The judgment is affirmed.  *See* 8th Cir. R. 47B.

_____