# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1211

———————————————

Deverick Scott

*Plaintiff - Appellant*

v.

Randy Watson, Warden, Varner Unit; Moses Jackson, Assistant Warden, Varner Unit; Lasaundra Malone, Originally named Malone; Mark Stephens, Captain, Varner Unit; Corey Paskel, Officer, Varner Unit; Xavier Butler, Officer (originally named as Butler); Alex Cofield, Officer, Varner Unit (Originally named Alex Copefield)

*Defendants - Appellees*

Keonta Wilson, Corporal, Varner Unit (originally named as Wilson)

*Defendant*

Craig Woolfolk, Officer, Varner Unit (Originally named Wolfo)

*Defendant - Appellee*

Powell, Officer, Varner Unit

*Defendant*

Cortez Jones, Officer, Varner Unit (originally named as Jones); Phillip Esaw, Lieutenant, Varner Unit; Kandi Hicks, Originally named Hicks; Joseph Bivens, Originally named Bplens; Jonathan Young, Sergeant, Varner Unit (Originally named Young)

*Defendants - Appellees*

———————

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: November 6, 2017
Filed: December 7, 2017
[Unpublished]

_____

Before COLLOTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Deverick Scott appeals after the District Court[1] granted summary judgment to certain defendants in his 42 U.S.C. § 1983 action. Scott identifies no valid basis, and we discern none, for overturning the District Court's assessment of the merits of his asserted claims. See Murchison v. Rogers, 779 F.3d 882, 886–87 (8th Cir. 2015) (standard of review). The judgment is affirmed. See 8th Cir. R. 47B.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I believe Scott's excessive-force claim against Phillip Esaw relating to the November 11, 2014, use-of-force incident should have survived summary judgment. At his deposition, Scott testified that Esaw emptied an entire can of mace directly in his face without any warning. At the time, Scott was speaking with defendants Young and Cofield about his placement on behavior control for intentionally flooding his

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

cell, and he had requested to speak with their supervisor. According to Scott, this incident occurred three hours after the flooding had been resolved, his cell had been cleaned without incident, and the situation had been contained. While Scott admits that the defendants had told him to "catch the cuffs" and that he had not yet complied with that order, it is undisputed that he was secured in his own cell. Also, there is no indication he was using abusive or profane language, threatening violence, or otherwise acting in a manner that would justify the deployment of a full can of mace to his face without a warning that the use of mace was imminent and some post-warning opportunity to submit to being handcuffed. Scott's deposition testimony is consistent with the allegations in his verified complaint. In my view, this evidence—viewed in the light most favorable to Scott—was sufficient to withstand summary judgment as to this claim. See Walker v. Bowersox, 526 F.3d 1186, 1189–90 (8th Cir. 2008) (per curiam); Treats v. Morgan, 308 F.3d 868, 871–75 (8th Cir. 2002); cf. Burns v. Eaton, 752 F.3d 1136, 1138–41 (8th Cir. 2014). Accordingly, I would reverse the grant of summary judgment on this claim, and affirm the district court in all other respects.

_____