KELLY, Circuit Judge, concurring in part and dissenting in part. I believe Scott’s excessive-force claim against Phillip Esaw relating to the November 11, 2014, use-of-force incident should have survived summary judgment. At his deposition, Scott testified that Esaw emptied an entire can of mace directly in his face without any warning. At the time, Scott was speaking with defendants Young and Cofield about his placement on behavior control for intentionally flooding his cell, and he had requested to speak with their supervisor. According to Scott, this incident occurred three hours after the flooding had been resolved, his cell had been cleaned without incident, and the situation had been contained. While Scott admits that the defendants had told him to “catch the cuffs” and that he had not yet complied with that order, it is undisputed that he was secured in his own cell. Also, there is no indication he was using abusive or profane language, threatening violence, or otherwise acting in a manner that would justify the deployment of a full can of mace to his face without a warning that the use of mace was imminent and some post-warning opportunity to submit to being handcuffed. Scott’s deposition testimony is consistent with the allegations in his verified complaint. In my view, this evidence— viewed in the light most favorable to Scott — was sufficient to withstand summary judgment as to this claim. See Walker v. Bowersox, 526 F.3d 1186, 1189-90 (8th Cir. 2008) (per curiam); Treats v. Morgan, 308 F.3d 868, 871-75 (8th Cir. 2002); cf. Burns v. Eaton, 752 F.3d 1136, 1138-41 (8th Cir. 2014). Accordingly, I would reverse the grant of summary judgment on this claim, and affirm the district court in all other respects.