# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1880

———————————————

Gregory Bartunek

*Plaintiff - Appellant*

v.

Hall County, Nebraska; Todd Bahensky

*Defendants - Appellees*

United States of America; Unknown Person

*Defendants*

———————

Appeal from United States District Court
for the District of Nebraska - Omaha

———————

Submitted: October 30, 2020
Filed: November 4, 2020
[Unpublished]

———————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

———————

PER CURIAM.

Gregory Bartunek appeals the district court's[1] denial of appointed counsel and adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action. Initially, after careful review, we conclude that the district court did not abuse its discretion in denying Bartunek's request for appointed counsel after considering the relevant factors. See Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013).

Further, having reviewed the record de novo, we conclude that the district court properly granted summary judgment to defendants. See Stearns v. Inmate Servs. Corp., 957 F.3d 902, 906 (8th Cir. 2020) (standard of review). Specifically, as to the conditions-of-confinement claims while Bartunek was a pretrial detainee, we agree with the district court that the undisputed evidence demonstrated the prison temperature and sleeping arrangements were not punitive. See id. at 906-08 (discussing the relevant standards); Ferguson v. Cape Girardeau Cty., 88 F.3d 647, 650 (8th Cir. 1996); Green v. Baron, 879 F.2d 305, 309-10 (8th Cir. 1989). We also agree that the lockdown served a legitimate governmental purpose of maintaining the ongoing safety and order in the facility. See Bell v. Wolfish, 441 U.S. 520, 544-48 (1979). As to the medical deliberate-indifference claims, we agree that Bartunek failed to demonstrate defendant Todd Bahensky was deliberately indifferent to his serious medical needs, for the reasons the district court explained. See Johnson v. Leonard, 929 F.3d 569, 575 (8th Cir. 2019). Furthermore, we conclude Bartunek's First Amendment free-exercise claim failed because he failed to demonstrate that his religious practice was substantially burdened, or that he took advantage of alternative means of exercising his religion. See Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 813-15 (8th Cir. 2008). Because Bartunek failed to demonstrate any constitutional violation, the district court properly dismissed the official-capacity claims against Bahensky and the claims against the county. See Whitney v. City of St. Louis, 887 F.3d 857, 860-61 (8th Cir. 2018).

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Accordingly, the judgment of the district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____